# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL JOSEPH MCDANIEL,

    Plaintiff,

    v.                                                                                 Case No. 12-cv-1178

WARDEN MICHAEL MEISNER,
JOHN DOE, Deputy Warden of Columbia Correctional Institution,
JANET NICHOLES,
DR. SONNETT CALDWELL-BARR,
DR. CARLO GANON,
TIM ZIGLER,
CO RIBBKE,
SUSAN KOON, and
DOES 1-10,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PAY FILING FEE AND PLAINTIFF'S MOTION ASKING FOR FULL FILING FEE TO BE TAKEN OUT OF PLAINTIFF'S PRISONER RELEASE ACCOUNT

The plaintiff, Carl Joseph McDaniel, filed a *pro se* complaint under 42 U.S.C. § 1983 on November 19, 2012, along with a motion for leave to proceed *in forma pauperis* and a certified copy of his six month prison trust account statement. In an Order entered November 21, 2012, the court direct the plaintiff to pay an initial partial filing fee of $19.72 on or before December 24, 2012.

On December 3, 2012, the court received a letter from the plaintiff asking to pay his initial partial filing fee in installments. He wrote that he was unable to get the money from his family and reported that he was no longer working due to the injury he sustained.

Then, on December 19, 2012, the court received a letter from the plaintiff asking to dismiss his case without prejudice due to his inability to pay the initial partial filing fee. He suggested that he would refile the same claim when he received some money.

Finally, though, on December 21, 2012, the plaintiff filed a motion to extend the deadline for payment of his initial partial filing fee and asking the court to issue an order requiring that the full filing fee be taken out of the plaintiff's prisoner release account.

The Prison Litigation Reform Act ("PLRA") requires courts to collect filing fees from "prisoner's accounts." 28 U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). However, "given the purpose of the release account to provide funds to the prisoner upon his or her release from incarceration, the court does not deem it prudent to routinely focus on the release account as the initial source of funds to satisfy the filing fee payment requirements of the PLRA." *Smith v. Huibregtse*, 151 F. Supp. 2d 1040 (E.D. Wis. 2001). Nevertheless, upon request, the court will allow a plaintiff to pay a filing fee out of his release account. *Doty v. Doyle*, 182 F. Supp. 2d 750, 752 (E.D. Wis. 2002).

In this case, the plaintiff's desire to have the full filing fee deducted from his release account is clear and he has sufficient funds in his release account to pay the full filing fee.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's's motion for extension of time to pay initial partial filing fee (Docket #12) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's's motion for order requiring the full filing fee be taken out of plaintiff's prisoner release account (Docket #12) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that, upon the plaintiff's request, the warden at the Wisconsin Resource Center shall withdraw $350.00 from the plaintiff's release account and

2

forward that sum to the Clerk of this Court as plaintiff's filing fee in this action. Such payment is to be made within 21 days of the date of this order.

**IT IS ALSO ORDERED** that a copy of this order be sent to the administrator at the Wisconsin Resource Center.

Dated at Milwaukee, Wisconsin this 1st day of February, 2013.

BY THE COURT:

*S/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge