UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL JOSEPH McDANIEL,

    Plaintiff,

  v.                                          Case No. 12-CV-1178

WARDEN MICHAEL MEISNER,
JOHN DOE, Deputy Warden of Columbia Correctional Institution,
JANET NICHOLES,
DR. SONNETT CALDWELL-BARR,
DR. CARLO GANON,
TIM ZIGLER,
CO RIBBKE,
SUSAN KOON, and
DOES 1-10,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTIONS AND SCREENING PLAINTIFF'S COMPLAINT

On November 19, 2012, the plaintiff filed a *pro se* complaint for relief under 42 U.S.C. § 1983. He also filed a motion for leave to proceed *in forma pauperis*, a motion for preliminary injunction, and letters to attorneys seeking representation that were construed as a motion to appoint counsel. The plaintiff was assessed an initial partial filing fee of $19.72. He then filed motions for an extension of time to pay the initial partial filing fee and that the fee be taken out of his release account. These motions were granted on February 1, 2013, and the Court received the full filing fee of $350.00 on February 19, 2013. The Court's receipt of the full filing fee rendered moot the plaintiff's motion for leave to proceed *in forma pauperis*. (Docket # 2.) The plaintiff also has filed another motion to appoint counsel, a request for a specific attorney to represent him, a motion to add a defendant, a motion to

amend his complaint, a motion for order to transfer plaintiff to a single cell or another prisoner, a motion for injunction stopping the harassment and retaliation, a motion for proper medical specialists, and a motion to extend the amendment deadline and modify previous amendment/injunction. This matter is now before the Court on the plaintiff's motions and for screening of the plaintiff's complaint.

## SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*1. Complaint Averments*

On March 1, 2012, inmate Ryan Olson was placed in the plaintiff's cell even though the defendants knew Olson had threatened to do harm to others, including staff. The plaintiff in particular was at risk because he had been attacked five times in the past and repeatedly asked to be placed in a single cell and to be protected from inmate attack. Soon after Olson moved into the plaintiff's cell, Olson started arguing with the plaintiff, called him names, cursed at him, and threatened to "Smash-Plaintiff."

On March 1, 2012, the plaintiff met with psychiatrist Dr. Gary Meier. The plaintiff told Meier that he felt threatened and needed to be moved to a single cell or placed in protective custody. Dr. Meier notified defendant Deputy Warden John Doe about the situation and requested an emergency psych transfer to a single cell. Dr. Meier also contacted Security and left a message for defendant Dr. Sonnett Caldwell-Barr requesting that she have the plaintiff placed in a single cell.

The plaintiff also notified defendant Tim Zigler about Olson's threats and requested a transfer to a single cell. Zigler informed psych that the plaintiff feared imminent danger from Olson, but Zigler refused to move Olson the plaintiff to another cell.

On March 2, 2012, the plaintiff saw Dr. Caldwell-Barr, who told the plaintiff that his request for a single cell was denied. The plaintiff then requested protective custody, which Dr. Caldwell-Barr also denied. The plaintiff told Dr. Caldwell-Barr about the severe mental and emotional distress and anguish he was experiencing concerning Olson.

The plaintiff then wrote to defendants Meisner, Deputy Warden John Doe, and Security Director, requesting protective custody. The plaintiff never received any reply from the defendants to his request for protective custody. Nor was he moved.

On March 5, 2012, the plaintiff saw Dr. Caldwell-Barr again and again requested a single cell, which was denied. The same day, the plaintiff saw Zigler and requested a single cell, which was denied. On March 6 and March 7, Dr. Caldwell-Barr again refused to have the plaintiff placed in protective custody.

On March 8, 2012, at about 3:30 a.m., while the plaintiff was trying to sleep, Olson was up watching television, zipping through the channels. After the plaintiff told Olson that this was disrespectful to the plaintiff who was trying to sleep, Olson came off the top bunk saying "Fucking Bitch" and then began to beat the plaintiff. Olson hit the plaintiff repeatedly in the face, head,

stomach, and ribs, causing the plaintiff to fall to his knees. The plaintiff lost consciousness four times during this beating, and a specialist found ear drum and inner ear damage and hearing loss. The plaintiff's other injuries included severe bruising and cuts to the face, arms, and ribs; damaged knees, ribs, and shins; black eyes, chipped teeth, stomach problems, pain, hearing loss, severe mental and emotional distress; and nightmares that added to the plaintiff's pre-existing post traumatic stress disorder. The plaintiff filed a complaint against Olson. Olson was charged on June 6, 2012, with battery by a prisoner, repeater.

Later the morning of March 8, 2012, the plaintiff saw defendant correctional officer II Ribbke, who asked the plaintiff what had happened to his eye. The plaintiff told Ribbke that he had been punched. However, Ribbke did not separate the plaintiff from Olson. He sent the plaintiff back into the cell with the inmate who had just battered him.

Later that day, the plaintiff was transferred to the Wisconsin Resource Center. On March 9, 2012, the plaintiff requested medical treatment for the injuries he received during the March 8 attack. The plaintiff needed medical treatment for severe stomach pain, injuries to his knee, jaw, and teeth, inner ear damage, and blood in his stool.

On March 16, 2012, the plaintiff saw defendant Dr. Carlo Ganon, who refused to treat the plaintiff's injuries because he had no information that the plaintiff was attacked. Dr. Ganon failed to conduct an adequate examination, failed to conduct the tests called for by the plaintiff's symptoms, and failed to inquire into essential facts necessary to make a professional judgment. Dr. Ganon also failed to give the plaintiff pain medication or obtain and review his medical records.

After many failed attempts to get medical services, the plaintiff notified defendant Susan Koon, the Health Services Unit manager at the Wisconsin Resource Center, about Dr. Ganon's

failure to treat the plaintiff's medical problems. Koon refused to rectify these deprivations after the plaintiff notified her about the situation.

The plaintiff also avers that he is being harassed and retaliated against by unit manager Tim Reichenberger and his staff at the Wisconsin Resource Center for seeking treatment for his injuries and filing complaints about being attacked at Columbia Correctional Institution. Reichenberger told the plaintiff not to complain about what happened to him at Columbia and has interfered with the plaintiff's efforts to exhaust his administrative remedies. The plaintiff also was fired from a prison job.

*2. Analysis*

2.1 Failure to Protect

Prison officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Rice ex rel. Rice v. Correctional Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012). To state a claim for failure to protect, the plaintiff needs to allege that (1) the prison's denial of his request for protective custody posed a substantial risk of serious harm and (2) the prison acted with deliberate indifference to that risk. *Farmer*, 511 U.S. at 834, 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.2d 267, 270 (7th Cir. 1996).

Here, the plaintiff alleges more than generalized risks and fears. He alleges that Olson had threatened to do harm to others, including staff. He also alleges that he had been attacked five times in the past. And he alleges that Olson made threats against the plaintiff as soon as he was placed in the plaintiff's cell with him. The plaintiff has stated a claim against the prison official(s) who knew this information but nonetheless refused him protective custody. *See Brown v. Budz*, 398 F.3d 904,

911-12 (7th Cir. 2005) (concluding that Caucasian detainee alleged a substantial risk by stating that another detainee had a known history and propensity of attacking Caucasians and was allowed unsupervised access to him). Accordingly, the plaintiff may proceed on an Eighth Amendment failure to protect claim against defendants Meisner, Deputy Warden John Doe, Security Director Janet Nicholes, Dr. Sonnette Caldwell-Barr, Tim Zigler, and Correctional Officer Ribbke.

The Court also will exercise supplemental jurisdiction over the plaintiff's state law negligence claim that each of these defendants breached their duty to reasonably protect him from inmate assault. 28 U.S.C. § 1367(a).

### 2.2 Medical Care

A deliberate indifference claim against a prison official for denying adequate medical treatment requires both a serious medical condition and the disregard of a known, substantial risk of harm to the inmate. *Farmer*, 511 U.S. at 834, 837; *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A delay of medical treatment may constitute deliberate indifference, depending on the seriousness of the condition, the officer's awareness, and the ease of providing treatment. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). "Even a few days' delay in addressing a painful but readily treatable condition may be sufficient to state a claim of deliberate indifference." *Smith*, 666 F.3d at 1040; *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009) (state hospital employees could be liable for several-day delay in treating prisoner who complained that his IV was causing him serious pain); *Edwards v. Snyder*, 478 F.3d 827, 831-32 (7th Cir. 2007) (plaintiff who dislocated his finger and was needlessly denied treatment for two days stated a deliberate indifference claim).

Wisconsin law defines medical negligence as the failure of a medical professional to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 227 Wis.2d 124, 149, 595 N.W.2d 423, 435 (1999); *Schuster v. Altenberg*, 144 Wis.2d 223, 229, 434 N.W.2d 159, 161-62 (1988). Like all claims for negligence, a claim for medical malpractice includes the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) harm to the plaintiff. *Paul v. Skemp*, 2001 WI 42 ¶ 17, 242 Wis.2d 507, 625 N.W.2d 860 (2001). Unless the situation is one in which common knowledge affords a basis for finding negligence, medical malpractice cases require expert testimony to establish the standard of care. *Carney-Hayes v. Nw. Wisconsin Home Care, Inc.*, 2005 WI 118 ¶ 35, 284 Wis.2d 56, 699 N.W.2d 524 (2005).

The plaintiff may proceed on Eighth Amendment medical care claims against defendants Dr. Carlo Ganon and Susan Koon in their individual capacities. The Court also will exercise supplemental jurisdiction over the plaintiff's state law medical malpractice claims against Ganon and Koon. *See* 28 U.S.C. § 1367(a). However, the plaintiff also said he wanted to sue Koon in her official capacity, but he does not state an official capacity claim in his complaint.

### 2.3 Reichenberger

At paragraphs 44 and 45 of his complaint, the plaintiff avers that he "is being harassed and retaliated against by Tim Reichenberger and his W.R.C. staff for seeking treatment for his injuries and filing complaints about being attacked at C.C.I." (Complaint, Docket # 1 at 12.) According to the plaintiff, "Tim Reichenberger, the Unit-Manager has told plaintiff not to complain about what happened to him at C.C.I. and has interfered with plaintiff's efforts to exhaust his administrative remedies and plaintiff was fired from job as a result." *Id.* Nevertheless, the Court will not consider

the plaintiff's claims against Tim Reichenberger or his staff because they were not identified as defendants in the caption, described by the plaintiff in his numbered paragraphs detailing each defendant, or referenced in Claims for Relief section on pages 16 and 17.

Even a *pro se* plaintiff's complaint must comply with Federal Rule of Civil Procedure 10(a) and include the names of all parties in the title of the action. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). Although it is true that the pleadings of *pro se* plaintiffs should be liberally construed, this doctrine "concerns the substantive sufficiency of allegations and not preliminary steps such as identifying and serving defendants." *Id.* at 551. It would not be appropriate for the court to interpret the body of the plaintiff's complaint or guess which persons named therein the plaintiff intends to make defendants. "Naming and serving defendants is vital. How can one defend without first becoming a party?" *Id.* at 552. The Supreme Court has advised that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee for evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

    2.4  John Does

In the caption of his complaint, the plaintiff lists "Does 1 thru 10" as defendants. However, he does not allege actions by any group of Does in the body of his complaint. Accordingly, these Does 1 through 10 also will be dismissed.

However, as discussed above, the plaintiff has been permitted to proceed on claims against several individuals who have not been fully identified. These include a John Doe who was the Deputy Warden of Columbia Correctional Institution in March 2012 and Correctional Officer Ribbke. Upon receipt of this decision and order, the plaintiff should promptly use discovery to fully

identify these two defendants. Then, when he has learned their identities, the plaintiff should move to amend the caption of his complaint to identify by name the individuals previously identified as John Doe, Deputy Warden of Columbia Correctional Institution, and CO Ribbke.

## MOTIONS

*1. Injunctive Relief*

With his complaint, the plaintiff filed a motion for a preliminary injunction asking for medical care for his inner ear, injured knee, and stomach. He argues that he is threatened with irreparable harm because he may never walk normally again if he does not receive proper treatment and his hearing loss may worsen and/or become permanent. Finally, the plaintiff argues that he has a great likelihood of success on the merits.

"A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest." *Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 794-95 (7th Cir. 2008) (citing *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006)). If the moving party meets this threshold burden, the district court exercises its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied. *Coronado*, 537 F.3d at 795.

On May 1, 2013, the Court received notice that the plaintiff had been transferred from the Wisconsin Resource Center to Columbia Correctional Institution. This rendered moot his claim for injunctive relief against Ganon and Koon, the medical defendants. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

2. *Motions to Amend*

On March 11, 2013, the plaintiff filed a document entitled "Motion for an Amendment and an Injunction," with a nine-page sworn document attached containing proposed additional claims. While leave to amend is to be "freely given when justice so requires," Fed.R.Civ.P. 15(a), "leave to amend is not automatically granted." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). The Civil Local Rules provide:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.
>
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.
>
> (c) If the Court grants the motion to amend, the Clerk of Court must then file the amended pleading. For any party who has appeared in the action and was served with the proposed amended pleading, the time period to serve an answer or other responsive pleading begins when the Court grants the motion to amend. The time period for a party who has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.

Civil L.R. 15 (E.D. Wis.).

The plaintiff's motion inadequately describes the changes sought by the proposed amendments, and the attachment to the plaintiff's motion does not contain the claims from his original complaint. The plaintiff's motion to amend (and the injunctive relief sought as part of his new claims) did not comply with the requirements of Civ. L.R. 15 and will be denied.

Moreover, the averments attached to the plaintiff's motion are separated in time from the events outlined in the plaintiff's original complaint. The new claims appear to be additional allegations against additional defendants who are not named in the plaintiff's original complaint,

- 11 -

including Troy Folske. These allegations relate to an entirely different situation with another inmate (Keller) at the Wisconsin Resource Center. Although the events underlying the plaintiff's medical care claim occurred at the Wisconsin Resource Center, the decisions regarding the plaintiff's cell mate and protective custody that underlie his failure to protect claim occurred at Columbia Correctional Institution. These claims should be brought as a separate action under § 1983. The Court will provide the plaintiff with a new § 1983 complaint form. The plaintiff may file a new action against defendants at the Wisconsin Resource Center regarding the actions he set forth in the attachment to this motion.

On March 13, 2013, the Court received another motion from the plaintiff, entitled "Motion to Extend Amendment Deadline and Permission to Modify Previous Amendment/Injunction." The plaintiff requests time to research information that will take longer due to the plaintiff's disability. He also asks for additional time due to the length of time it takes to obtain copies and the resistance and obstacles set forth by the Wisconsin Resource Center that are deterring him from proceeding with this action. However, the Court has not set any deadline for the amendment of pleadings, and the plaintiff also may supplement his previous motions as he deems necessary. This motion will be denied as moot.

   *3.  Counsel*

Finally, the Court will consider the plaintiff's requests for the Court to appoint counsel to represent him. The Court will deny the plaintiff's first motion to appoint counsel (Docket # 6) because it was just letters to attorneys seeking counsel. It was superseded by the plaintiff's more complete motion to appoint counsel (Docket # 16), which will be considered now.

While there is no statutory authority to "appoint" counsel for an indigent civil litigant, a district court can seek a volunteer. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir.

2013); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.") (emphasis added). The standards governing recruitment of counsel were refined in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc). *Navejar v. Iyiola*, __ F.3d __, 2013 WL 2321349, *3 (7th Cir. May 29, 2013).

As a threshold requirement, "the indigent litigant must make reasonable efforts at finding counsel himself." *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). If a plaintiff makes a reasonable attempt to secure counsel, then the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Pruitt*, 503 F.3d at 655. The Seventh Circuit has recently emphasized that "the district court must consider both halves of this equation—the difficulty of the case and the competence of the litigant." *Bracey*, 712 F.3d at 1016. In addition, the inquiry "does not focus solely on the plaintiff's ability to try his case—it also includes other 'tasks that normally attend litigation' such as 'evidence gathering' and 'preparing and responding to motions.'" *Navejar*, 2013 WL 2321349, at *3 (quoting *Pruitt*, 503 F.3d at 655).

In this case, the plaintiff has made attempts to secure counsel on his own. He has satisfied the threshold requirement. Accordingly, the Court must evaluate whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. The plaintiff has been allowed to proceed on Eighth Amendment failure to protect and medical care claims. While each of these claims involves a showing of deliberate indifference, the plaintiff's assertions are that the defendants in the failure to protect claim failed to heed his warnings about Olson and refused to transfer him to a single cell or protective custody and that the defendants in the medical care claim refused to treat his injuries from the March 8 beating. Information regarding what the plaintiff communicated to the

defendants and what the defendants did is within the plaintiff's ability to obtain through personal knowledge and discovery. Information regarding the medical treatment the plaintiff received at the Wisconsin Resource Center will be documented in the plaintiff's medical records. Although there might be some question of what medical treatment was necessary given the plaintiff's injuries, the plaintiff's claim is that he was denied all medical care, which should be objective inquiry that can be answered by the plaintiff's medical records. Moreover, the plaintiff has presented his claims clearly and concisely in documents filed with the court that are easy to read and understand. He has had no problem communicating with the Court, which suggests that he also will be able to communicate with the defendants to conduct discovery. The plaintiff's motion to appoint counsel will be denied without prejudice. Should the circumstances of the case or the plaintiff's ability to litigate change, the Court will consider motions asking the Court to recruit pro bono counsel in the future.

The plaintiff's request for a specific attorney who represented another inmate pro bono in a different case also will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **denied as moot**.

**IT IS FURTHER ORDERED** that Does 1-10 be and hereby are **dismissed** as defendants in this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion for preliminary injunction (Docket # 4) be and hereby is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 6) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 16) be and hereby is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to add Troy Folske as defendant (Docket # 17) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Docket # 17) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to transfer plaintiff to single cell or another prison (Docket # 17) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for injunction stopping the harassment and retaliation (Docket # 17) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for proper medical specialists (Docket # 17) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to extend amendment deadline and permission to modify previous amendment/injunction (Docket # 18) be and hereby is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's request to have Attorney Christopher Davis of Michael Best & Friedrich represent him (Docket # 19) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide the plaintiff with a copy of the court's 42 U.S.C. § 1983 complaint form.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following

state defendants: Warden Michael Meisner, Janet Nicholes, Dr. Sonnett Caldwell-Barr, Dr. Carlo Ganon, Tim Zigler, CO Ribbke, Susan Koon, and John Doe, Deputy Warden of Columbia Correctional Institution.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Nancy Joseph
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 25th day of July, 2013.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge