# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CARL JOSEPH MCDANIEL,**

    **Plaintiff,**

    v.                                                                                        **Case No. 12-CV-1178**

**WARDEN MICHAEL MEISNER,**
**JOHN DOE, Deputy Warden of Columbia Correctional Institution,**
**JANET NICHOLES,**
**DR. SONNETT CALDWELL-BARR,**
**DR. CARLO GANON,**
**TIM ZIGLER,**
**CO RIBBKE, and**
**SUSAN KOON,**

    **Defendants.**

---

## DECISION AND ORDER ON PLAINTIFF'S MOTIONS

---

In an Order entered July 25, 2013, I allowed the *pro se* plaintiff, Carl McDaniel ("McDaniel"), to proceed *in forma pauperis* on Eighth Amendment failure to protect claims, Eighth Amendment medical care claims, state law negligence claims, and medical malpractice claims.

As an initial matter, I will address two documents received on September 9, 2013, neither of which contained or was docketed as a motion. Nevertheless, due to the nature of the documents, I will address them and explain why they do not entitle McDaniel to relief.

I received a document McDaniel calls an amended complaint that sets forth claims regarding his time at the Wisconsin Resource Center (Docket # 25). However, McDaniel did not file a motion seeking leave to amend his complaint, and his "amended complaint" does not reproduce all of his claims against all of the defendants, which is required by Civil Local Rule 15(a) (E.D. Wis.). Additionally, the claims McDaniel seeks to add go far beyond the March 8,

2012, assault and treatment for injuries from the assault. Even if a motion to amend and a full proposed amended complaint were before the Court, the new claims might not qualify for joinder with the plaintiff's current claims under Federal Rules of Civil Procedure 18 and 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Along with his amended complaint, McDaniel filed a document entitled Memorandum of Law in Support of Motion for Preliminary, Permanent Injunction to Serious Medical Needs (Docket # 26). Once again, there was no motion filed with this document, and the relief requested deals with medical care received more than a year after the assault that is the basis of the McDaniel's claims in this case.

On October 8, 2013, the defendants filed a motion for summary judgment (Docket #29). They argue that the plaintiff failed to exhaust his administrative remedies. This motion is now fully briefed, and it will be addressed in a separate order. However, there are several other motions that the Court must resolve before it can proceed to the merits of the defendants' motion.

On October 29, 2013, McDaniel filed a motion for extension of time to respond and a motion for order to produce documents (Docket # 33). McDaniel argues that he was refused access to his inmate grievance files and requests an order directing the production of these documents. The defendants responded to this motion and represented that no requests for the production of documents had been directed to counsel. They suggest that McDaniel should already have a copy of the documents they filed with their motion for summary judgment but also welcome his request for additional relevant documents. It appears that McDaniel attempted to get documents directly from a prison employee instead of serving discovery requests on defendants' counsel. I will grant the plaintiff's request for additional time to respond to the defendants' motion for summary judgment and accept his November 20, 2013, response as

2

timely (Docket # 38, 39). But I will not order the defendants to produce documents that have not been properly requested.

On November 18, 2013, McDaniel filed a motion to supplement case (Docket # 37). Attached to this motion are two State of Wisconsin Notice of Injury and Claim forms. These notices are required before state law claims can be filed in state or federal court, but there is nothing in them for this Court to decide. *See* Wis. Stat. § 893.82. If McDaniel intended to supplement his complaint with the claims set forth in the forms, he did not follow the procedure for amending complaints set forth in Civil Local Rule 15, and his motion will be denied.

On December 4, 2013, McDaniel filed (1) a motion for immediate injunction for medical intervention for serious degenerative medical needs footwear and attention to painful chronic/acute medical needs (Docket # 44); and his (2) motion for order allowing the use of his inmate release account to pay for medical deductibles and legal case law copies, and the equivalent of legal loan supplies and postage (Docket # 45). The medical injunction the plaintiff seeks is not related to his claims in this case, and it will be denied. *See* Fed. R. Civ. P. 65. Further, the Court will not become involved in the administration of the plaintiff's legal loan or authorize the plaintiff to raid his release account to fund this litigation. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (The DOC legal loan statute "is not intended for the funding of prisoners' suits.").

On December 18, 2014, I received the McDaniel's motion for appointment of counsel (Docket # 47). McDaniel previously met the threshold requirement of showing his "reasonable efforts at finding counsel himself." *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). However, nothing in the plaintiff's current motion alters the Court's previous conclusion that he is competent to litigate this case. *Id.* at 1016. Moreover, the defendants' motion for summary

judgment is fully briefed so there is no need for any activity by the plaintiff (or counsel, if he had it) before that motion is resolved.

I also received documents from McDaniel on January 8, 2014, regarding the motion for summary judgment. Although these documents constituted an unauthorized surreply, I will review and consider them as part of its analysis of the defendants' motion for summary judgment.

Finally, McDaniel submitted documents, including a motion for summary judgment, on February 24, 2014 (Docket # 62). Motions for summary judgment must comply with Federal Rule of Civil Procedure 56 and Civil Local Rule 7. *See* Civil L. R. 56(b) (E.D. Wis.). In addition, they must meet the requirements of Civil Local Rule 56(b)(1). *Id.*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the . . . presence of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).

McDaniel's submission contains no sworn evidence, just additional arguments regarding exhaustion. None of the documents submitted by the plaintiff are notarized. Nor do they contain the "under penalty of perjury" language that can transform an unsworn declaration into evidence. 28 U.S.C. § 1746. As a result, the Court may not consider as evidence any facts set forth in the plaintiff's unsworn motion or brief or any documents submitted with the motion or brief.

McDaniel is proceeding *pro se* in this case, and the court liberally construes his pleadings, but the procedural rules in civil litigation still apply to *pro se* litigants. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005). "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). McDaniel has failed to comply with the procedural requirements for motions for summary judgment, and he has not supported his assertions with evidence. His motion for summary judgment will be denied. However, I will consider the plaintiff's arguments when I consider the defendants' motion for summary judgment.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for extension of time (Docket # 33) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to produce documents (Docket # 33) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement case (Docket # 37) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for injunctive relief (Docket # 44) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order allowing u se of inmate release account (Docket # 45) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 47) be and hereby is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket # 62) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin this 13th day of May, 2014.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge